IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00221-KDB

RONALD WILLIAM JENKINS,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,[1]

    Defendant.

ORDER

**THIS MATTER** is before the Court on Plaintiff Ronald William Jenkins's Motion for Summary Judgment (Doc. No. 17) and Defendant's Motion for Summary Judgment (Doc. No. 20). Mr. Jenkins, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for supplemental security income under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

On August 22, 2017, Plaintiff filed his application for supplemental security income under title XVI of the Social Security Act, alleging that he had been disabled since August 15, 2010. (*See* Tr. 12). Plaintiff's applications were denied initially and upon reconsideration. (*See id*.). After

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

conducting a hearing on July 22, 2019, Administrative Law Judge Ann Paschall (the "ALJ") denied his applications in a decision dated October 15, 2019. (Tr. 12-23). On June 10, 2020, the Appeals Council denied Plaintiff's request for review. (*See* Tr. 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Jenkins has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Jenkins was disabled under the law during the relevant period.[2] At step one, the ALJ found that Mr. Jenkins had not engaged in substantial gainful activity ("SGA") since his application date, and at step two that he had several medically determinable and severe impairments: lumbar degenerative disc disease status post gunshot wound, osteoarthritis, obesity, anxiety, personality disorder, post-traumatic stress disorder, and depression. (Tr. 14). However, the ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See id.*).

The ALJ then determined that Mr. Jenkins had the residual functional capacity ("RFC") to perform a restricted range of light work as follows:

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

2

Case 1:20-cv-00221-KDB    Document 26    Filed 08/24/21    Page 2 of 6

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he is limited to frequent bilateral handling and fingering, no use of ladders, and no exposure to unprotected heights or dangerous moving machinery. He can perform low stress work, with low stress being defined as work with no team-dependent or fast-paced production requirements and requiring only simple work related decisions. He can have contact with the public 10% of the workday or less, and he can tolerate occasional changes in the workplace and work methods, and can concentrate, focus, and attend to work activity for at least two hours at a time before needing a normal break of fifteen minutes, or once per day, a thirty minute meal break.

(Tr. 16).

At step four, the ALJ found that the Plaintiff was unable to perform any of his past relevant work. (*See* Tr. 21). At step five, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff — given his age (44), education (at least a high school education), work experience, and RFC — could perform. (*See* Tr. 22). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from August 22, 2017 through the date of her decision. (*See* Tr. 23).

### III. LEGAL STANDARD

District courts review the ALJ's Social Security disability determination pursuant to the standard set out in 42 U.S.C. § 405(g). The decision of the ALJ must be upheld if the ALJ "applied the correct legal standards" and if the "factual findings are supported by substantial evidence." *Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Though the "threshold for such evidentiary sufficiency is not high," it requires that "more than a mere scintilla" of evidence support the ALJ's findings. *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). In undertaking this review, it is not the district court's place to "re-weigh conflicting evidence, make credibility

determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

## IV. DISCUSSION

In his initial brief in support of his motion, Plaintiff argues that the ALJ failed to make appropriate findings regarding Plaintiff's limitations based on his symptoms of pain in his legs and hands related to gunshot wounds he suffered in 2004 (13 years before his claimed onset of disability) and failed to conduct a "function-by-function" analysis of the Plaintiff's work-related abilities. However, the Court finds that the ALJ properly took into account Plaintiff's hand and leg symptoms, *see* Tr. 17-18, and issued an RFC supported by substantial evidence in the record. Plaintiff relies on *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), but *Mascio* does not require a remand. Unlike in *Mascio*, the ALJ here adequately explained how she reached the limitations in her RFC finding. *See* Tr. 18.

In addition to his arguments related to his RFC, Plaintiff argued in his reply brief that the ALJ failed to properly apply the "treating physician rule" (requiring that ALJ's give "controlling weight" to a treating physician's opinion) in his opinion. Again, the Court disagrees with Plaintiff. Even ignoring the fact that this issue was raised for the first time in Plaintiff's reply brief, the Court finds that the argument lacks merit for two reasons. First, the "treating physician rule" as articulated by Plaintiff doesn't apply here because for claims filed on or after March 27, 2017, the Social Security Administration no longer assigns any specific weight to medical opinions. For such claims, the revised regulations make clear that the agency "will not defer or give any specific weight, including controlling weight, to any medical opinion(s) … including those from [claimant's] medical sources." 20 C.F.R. §§ 404.1520c, 416.920c(a). Second, the Court finds that

4

the ALJ properly explained why she did not find Plaintiff's treating physician's opinions persuasive. Under the revised regulations, ALJs are directed to focus on the persuasiveness of the medical opinions using five factors: supportability, consistency, relationship with the claimant, specialization, and other factors, with supportability and consistency being the two most important factors. *See* 20 C.F.R. § 416.920c (b)-(c). Here, the ALJ properly analyzed Plaintiff's treating physician's opinion as follows:

> I find the opinions from the claimant's treating physician, Allen Nash, M.D., not persuasive (B1F/17-18; B8F). Although familiar with the claimant's treatment history, as his primary care provider, much of Dr. Nash's treatment notes simply recite the claimant's reported symptoms, rather than making objective findings. Dr. Nash's opinion that the claimant has a significant disability for manual labor and a combination of physical and mental health problems, which prevent him from being employed, is not consistent with the longitudinal record of evidence. In particular, I note findings on examination of normal gait and normal sensation, and a normal mood and affect as well as the claimant's own reports of feeling less anxiety and no problems sleeping (B1F).

Therefore, the ALJ fairly articulated why she did not find Dr. Nash's opinions persuasive, which is sufficient for this Court to affirm her decision. Again, the task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but rather only whether there is substantial evidence to support the ALJ's ruling.

In sum, the Court has carefully reviewed the record, the authorities, and the parties' arguments. The ALJ applied the correct legal standards and her conclusion that Plaintiff was not disabled is supported by substantial evidence.

## V. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 17) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 20) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

Signed: August 24, 2021

Kenneth D. Bell
United States District Judge